IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| HAROLD SKIPPER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-194 |
| § | |
| LABORDE MARINE, L.L.C., § | |
| § | |
| Defendant. § | |

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**

This case arises out of injuries allegedly sustained by Harold Skipper ("Plaintiff") while aboard the M/V RED LAB, a vessel owned and operated by Defendant Laborde Marine ("Laborde"). Now before the Court comes Laborde's Motion to Transfer Venue to the Western District of Louisiana. For the reasons stated below, Defendant's Motion is **DENIED.**[1]

**I. Background**

Plaintiff allegedly suffered injuries on or about May 17, 2005, while loading boxes on the back deck of the M/V RED LAB. At the time of the accident, the vessel was located off the coast of Mississippi, and Plaintiff was a resident of New Orleans, Louisiana.

**II. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

### III. Analysis

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Laborde argues that the availability and convenience of key witnesses would be increased by a transfer to the Western District of Louisiana. To support this argument, Laborde has identified several witnesses located across the Gulf Coast. First, Laborde notes that it is a Louisiana resident and that Plaintiff was a Louisiana resident at the time of the accident. Laborde then identifies all of the crewmembers aboard the vessel at the time of the accident. The crewmembers are scattered throughout Louisiana, Mississippi, and Alabama. Of the six crewmembers identified, four are Laborde employees. Laborde also identifies several of Plaintiff's co-employees who also reside throughout Louisiana and Mississippi. Finally, Laborde identifies several of Plaintiff's initial treating physicians who reside in the Eastern District of Louisiana.

Laborde's arguments are somewhat unpersuasive since those witnesses who are employed by Laborde can be compelled to testify, and the Court attaches diminished weight to their convenience. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). Additionally, the testimony of the initial treating physicians can be secured by deposition to the extent it will actually be used in trial.

Plaintiff responds that his current treating physicians as well as his expert economist reside in the Southern District of Texas. These witnesses are retained experts who can be compelled to testify or whose testimony can be presented by deposition.

With witnesses scattered all over the Gulf Coast, any forum will be inconvenient for at least some of the witnesses. Since most of the witnesses can be presented by deposition or are employed by Defendant, there is no compelling reason to transfer this case to the requested court. This factor does not weigh for or against transfer.

B. *Cost of Trial*

Laborde argues that trial will be more expensive here than in the Western District of Louisiana since most witnesses will have to travel further to get here. However, Laborde fails to note that several of Plaintiff's key witnesses actually reside in this District. There is unavoidable cost associated with any litigation. Since this Division is relatively close to the Western District of Louisiana and witnesses are scattered all over, Laborde has not shown such an overwhelming cost differential between a trial here and one in Louisiana as to militate transfer. This factor does not weigh for or against transfer.

C. *Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Defendant has not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

D. *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to deference. Plaintiff asserts that he is now a resident of this District, and the Court has no reason to doubt the veracity of this contention. Accordingly, his choice of forum is entitled to substantial deference, even though he did not live here at the time of the accident. (However, he was never a resident of the Western District of Louisiana.) This factor weighs heavily in favor of retention.

E. *Place of the Alleged Wrong*

The alleged wrong took place off the coast of Mississippi. Though the residents of this Division may have little interest in the outcome of this case, neither do the residents of the Western District of Louisiana. This factor does not weigh for or against transfer.

*F.  Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay.  *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence.").  This case is set for trial in February, 2007.  Transfer at this date would not necessarily result in significant delay.  This factor does not weigh for or against transfer.

**IV.  Conclusion**

After examining the relevant venue factors, coupled with the specific facts of this lawsuit and the well-prepared submissions of both sides, the Court concludes that Laborde has not carried its burden of demonstrating that transferring this case to the Western District of Louisiana would increase the convenience of all involved, and that transfer would be in the interest of justice.  For these reasons, and those outlined above, Laborde's Motion to Transfer Venue is respectfully **DENIED**.  Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 19th day of October, 2006 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge